**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SONNY (KILSON) ELKINS,

      Petitioner - Appellant,

  v.

MICHAEL COMFORT, Acting
District Director, United States
Immigration and Naturalization
Service, Denver, Colorado, in his
official capacity; JOHN ASHCROFT,
United States Attorney General, in his
official capacity; and JAMES W.
ZIGLAR, Commissioner, U.S.
Immigration and Naturalization
Service, in his official capacity,

      Respondents - Appellees.

No. 03-1184

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 99-B-1113)**

---

Marc Van Der Hout (Stacy Tolchin with him on the briefs), of Van Der Hout,
Brigagliano & Nightingale, San Francisco, California, for Petitioner - Appellant.

Papu Sandhu, Senior Litigation Counsel (Emily Anne Radford, Assistant Director,
with him on the brief), Office of Immigration Litigation, Civil Division,
Department of Justice, Washington, D.C., for Respondents - Appellees.

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

An alien who has been paroled into the United States may seek an adjustment of status under 8 U.S.C. § 1255(a) to avoid being removed from this country. Such adjustment is available, however, only to aliens who are "admissible" to the United States for permanent residence. *Id.* One ground of inadmissibility is conviction of a controlled-substance offense under the laws of the United States, any State, or any foreign country. 8 U.S.C. § 1182(a)(2)(A)(i)(II).[1]

As yet unresolved in this circuit is whether the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, overrides § 1182. Under the FFOA a first-time offender of 21 U.S.C. § 844 (relating to possession of controlled substances) may be placed on probation for a year or less without entry of a judgment of

_____

[1] The statute provides:

[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of— . . .
> (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i)(II).

conviction. If the offender successfully completes probation, the proceedings will be dismissed and the disposition "shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose." 18 U.S.C. § 3607(b).[2] For this appeal we will

[2] In full, the statute provides:

(a) **Pre-judgment probation**.—If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)—

(1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and

(2) has not previously been the subject of a disposition under this subsection;

the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565.

(b) **Record of disposition**.—A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a

(continued...)

-3-

assume that a disposition under the FFOA does not constitute a conviction for purposes of § 1182. Nevertheless, we hold that Petitioner Kilson Elkins cannot benefit from this assumption. Her marijuana conviction was under Korean law, and her term of probation exceeded what is permissible under the FFOA. We reject Petitioner's contention that Fifth Amendment equal-protection principles require that she receive the benefits of an FFOA disposition.

## I.  BACKGROUND

---

[2](...continued)
conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

(c) **Expungement of record of disposition**.—If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person. The expungement order shall direct that there be expunged from all official records, except the nonpublic records referred to in subsection (b), all references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof. The effect of the order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings. A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to recite or acknowledge such arrests or institution of criminal proceedings, or the results thereof, in response to an inquiry made of him for any purpose.

18 U.S.C. § 3607.

On October 23, 1975, when Petitioner was 20 years old, she was convicted under a Korean narcotics law for possession of marijuana. Her eight-month sentence of imprisonment was suspended for two years. After the two-year suspension her sentence "lapsed" under Korean law. Petitioner was paroled into the United States on April 17, 1987, while married to Carlos Flores, a United States citizen. In 1995, in short order, the Immigration and Naturalization Service (INS)[3] commenced exclusion proceedings against Petitioner, she and Flores were divorced, she married Jay Elkins, also a United States citizen, and she petitioned for adjustment of status to lawful permanent resident. In 1997 an immigration judge ordered Petitioner excluded from the United States and deported to South Korea. Her petition for adjustment of status was denied by the INS in 1999 because of her conviction.

Petitioner then sought a writ of habeas corpus from the United States District Court for the District of Colorado, contending that she was eligible for adjustment of status despite her Korean conviction. We agree that this was the proper procedure to raise this contention. *See I.N.S. v. St. Cyr,* 533 U.S. 289,

---

[3]On March 1, 2003 the INS ceased to exist, and its responsibilities were divided among three distinct agencies formed within the new Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 116 Stat. 2135 (November 25, 2002). Because the actions Petitioner challenges in this appeal were taken prior to this reorganization, however, in this opinion we will refer to the relevant government agency as the INS.

297, 299-300 308-14 (2001) (challenge to INS judgment holding alien ineligible for waiver of deportation was properly filed as habeas claim in district court when petition to court of appeals was forbidden by statute). *Cf. Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162, 1162 n. 3 (10th Cir. 2003) (petition challenging INS order of removal, including reinstatement of order of removal, properly filed in court of appeals when statute—8 U.S.C. § 1252(b)(2)—so directs).

## II.    DISCUSSION

In district court Petitioner argued that Fifth Amendment equal-protection principles require that the benefits of an FFOA disposition apply to her lapsed Korean conviction. The government countered that the length of Petitioner's probation, and the difficulty of obtaining information about foreign convictions generally, provide a rational basis for distinguishing Petitioner's conviction from an FFOA disposition.

The district court avoided the equal-protection issue by deciding that Petitioner was ineligible for adjustment of status on two alternative grounds: first, because the 1997 exclusion order against Petitioner made her ineligible for adjustment of status, and second, because the marriage on which her application for adjustment of status was based took place after exclusion proceedings against her had begun. Memorandum Opinion and Order (Feb. 14, 2003) at 6-8.

The government does not defend the first of these grounds on appeal. Although it does argue that the second ground was proper, it also argues, as it did in district court, that Petitioner's prior conviction makes her ineligible for adjustment of status. Petitioner responds that we should not decide the prior-conviction issue, but should remand it to the district court for consideration there in the first instance.

We have discretion to affirm on any ground adequately supported by the record. *Stillman v. Teachers Ins. & Annuity Ass'n Coll. Ret. Equities Fund*, 343 F.3d 1311, 1321 (10th Cir. 2003). In exercising that discretion we consider whether the ground was fully briefed and argued here and below, *see Bennett v. Spear*, 520 U.S. 154, 166-67 (1997); whether the parties have had a "fair opportunity to develop the [factual] record," *Seibert v. Okla. ex rel. Univ. of Okla. Health Sci. Ctr.,* 867 F.2d 591, 597 (10th Cir. 1989) *abrogated on other grounds by Fed. Lands Legal Consort. ex rel . Robart Estate v. United States*, 195 F.3d 1190, 1195-96 (10th Cir. 1999); and whether, in light of factual findings to which we defer or uncontested facts, our decision would involve only questions of law, *see Stillman*, 343 F.3d at 1321-22. Each of these considerations supports reaching the prior-conviction issue in this case: the issue was fully briefed and argued in district court, the issue was raised on appeal, the parties had ample

opportunity to present relevant evidence, and there are no material factual disputes. We therefore address the prior-conviction issue.

Petitioner argues that the FFOA prevents the government from treating dispositions under it as "convictions" for the purpose of the immigration laws. If so, Petitioner argues, it would violate the Fifth Amendment for the government to treat differently convictions for the same conduct obtained and similarly expunged under foreign law. She argues that her criminal conduct, the two-year suspension of sentence, and the subsequent lapse of her conviction, are not constitutionally distinguishable from the conduct, probation, and dismissal treated as a nonconviction under the FFOA.

The government contends that the definition of *conviction* in the immigration laws constitutes a congressional command that the treatment of a conviction not be affected, for immigration purposes, by subsequent expungement. *See* 8 U.S.C. § 1101(a)(48)(A) (defining conviction).[4] But we

---

[4]Section 1101(a)48)(A) states:
> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(continued...)

-8-

need not decide whether this statutory definition of conviction is overridden by the FFOA. Even if the FFOA applies in the immigration context, the Fifth Amendment does not require its extension to Petitioner's foreign conviction.

Petitioner does not dispute that the Fifth Amendment is satisfied if there is a rational basis for the law to treat her lapsed conviction differently than it does an FFOA disposition. *See Soskin v. Reinertson*, 353 F.3d 1242, 1255-56 (10th Cir. 2004) (rational-basis review applied to equal-protection challenge to treatment of one class of aliens differently than other aliens). The government seizes on two distinctions between Petitioner and persons eligible under the FFOA. First, Petitioner's conviction and the expungement of that conviction were under Korean law, whereas the FFOA applies only to federal convictions. Second, Petitioner was subject to a two-year suspension of sentence, whereas dispositions under the FFOA are limited to "probation for a term of not more than one year." 18 U.S.C. § 3607(a). In our view, either ground provides a rational basis for denying Petitioner the benefits of the FFOA.

The government's greater familiarity with and control over federal prosecution, conviction, and sentencing justifies distinguishing FFOA

---

[4](...continued)
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

dispositions, which are administered by federal prosecutors and federal judges under federal law, from otherwise similar foreign dispositions. The government is entitled to have greater confidence about the meaning of an FFOA disposition than about the meaning of lenient foreign dispositions. Indeed, the prevailing view in other circuits is that there is a rational basis for distinguishing even state-court dispositions from those under the FFOA. As Judge Alito wrote for the Third Circuit:

> Familiar with the operation of the federal criminal justice system, Congress could have thought that aliens whose federal charges are dismissed under the FFOA are unlikely to present a substantial threat of committing subsequent serious crimes. By contrast, Congress may have been unfamiliar with the operation of state schemes that resemble the FFOA.

*Acosta v. Ashcroft*, 341 F.3d 218, 227 (3d Cir. 2003); *accord Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 332-33 (5th Cir. 2004); *Resendiz-Alcaraz v. United States Att'y Gen.*, 383 F.3d 1262, 1272 (11th Cir. 2004). We recognize that the Ninth Circuit has a contrary view. *See, e.g.*, *Lujan-Armendariz v. INS*, 222 F.3d 728, 741-43 (9th Cir. 2000). But we note that even it may have rejected Petitioner's claim; in treating an expunged United Kingdom conviction as if it had been handed down under the FFOA, the court wrote that inquiring into the facts surrounding the petitioner's conviction "presents no greater obstacles to obtaining proper evidence than cases involving state expungements." *Dillingham v. INS*,

267 F.3d 996, 1008 n. 14 (9th Cir. 2001). The court may have found less transparent the Korean proceedings involved here.

As for the second distinction, the government may rationally draw inferences about the convict's criminality from the duration of the probation imposed. Longer periods of probation are correlated with worse conduct. *See Madriz-Alvarado*, 383 F.3d at 333; *Vasquez-Velezmoro v. INS*, 281 F.3d 693 at 697-98; *Fernandez-Bernal v. Att'y Gen. of the United States*, 257 F.3d 1304, 1316-17 (11th Cir. 2001).

Because there is a rational basis for distinguishing Petitioner's lapsed Korean conviction from a disposition under the FFOA, Petitioner was not denied equal protection of the laws. We AFFIRM the judgment below.