**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VERA BARRERA; ANTHONY LEWIS;
ANADELIA LEDESMA,

      Plaintiffs – Appellants,

v.

MID AMERICA MANAGEMENT;
MICHELLE KAISER,

      Defendants – Appellees.

No. 13-3186
(D.C. No. 6:12-CV-01305-MLB-KGG)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Vera Barrera, Anadelia Ledesma, and Anthony Lewis (collectively, "Plaintiffs")

appeal the district court's denial of a preliminary injunction and dismissal of their

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

housing discrimination claim against Mid America Management and its employee Michelle Kaiser (collectively, "Defendants").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Beginning in early 2012, Barerra rented a one-bedroom unit (#5) at the D'Lao Apartments, a housing project in Goodland, Kansas.  Mid America Management ("Mid America") serves as manager of the housing project and Kaiser is employed by Mid America as its site manager.  Defendants suspected that Ledesma—Barerra's adult daughter—and Lewis were living in apartment #5 in violation of the rental agreement, which prohibits persons not listed in the rental agreement from residing on the premises for more than fourteen days in any forty-five day period without the landlord's written consent.  Kaiser gave Barerra a written warning in June 2012, stating that she was violating the rental agreement by allowing unauthorized guests to live in her unit.  On August 17, 2012, Mid America issued Barerra a "Termination of Tenancy" notice, stating that she had fourteen days to remedy her non-compliance with the rental agreement, and that failure to do so would result in the commencement of eviction proceedings.

On August 23, 2012, Plaintiffs filed a pro se complaint alleging violation of the Fair Housing Act ("FHA") by Mid America and Kaiser.  An amended complaint alleges that Kaiser made unspecified racial comments about Lewis, who is African-American, and used race as a factor in refusing to add him to Barerra's lease.  It also alleges Kaiser

-2-

told Barerra that there were no two-bedroom apartments available to Barerra and Ledesma, who are Hispanic, but rented a two-bedroom unit to two white tenants. Plaintiffs requested $100 million in damages.

In February 2013, Barerra and Ledesma signed a new rental agreement for a two-bedroom apartment (#16) at D'Lao. Defendants believed that Lewis continued to live with the two women in the new unit even though he did not complete the lease process. Barerra and Ledesma were given a second written notice of Termination of Tenancy on May 1, 2013. Two weeks later, Plaintiffs submitted to the district court a filing styled as a "Motion for Court Intervention and for Sanctions Against Defendants." They alleged harassment and retaliation based on Kaiser's request that Plaintiffs produce a utility bill to prove that Lewis (and others) were not living in D'Lao #16. The motion also referenced the May 1 Termination of Tenancy notice. The court construed the motion as a request for a preliminary injunction and scheduled a hearing.

In June 2013, Mid America filed an eviction proceeding against Barerra and Ledesma in Sherman County State Court. On July 11, 2013, the state court found in favor of Mid America and ordered eviction. Defendants suspended the eviction process pending the district court's decision on Plaintiffs' motion.

On July 15, 2013, the district court held a hearing on the preliminary injunction motion, at which Plaintiffs appeared pro se and presented evidence. The court determined that there was no basis for a preliminary injunction. It also found that there

was no likelihood of success on the merits and dismissed the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiffs timely appealed.[1]

## II

This court reviews the denial of a preliminary injunction for abuse of discretion. Davis v. Mineta, 302 F.3d 1104, 1110-11 (10th Cir. 2002). To obtain a preliminary injunction, a movant must show: "(1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Because we agree with the district court that Plaintiffs have failed to demonstrate their claim has merit, discussed infra, we affirm the denial of a preliminary injunction for failure to satisfy the first factor.

---

[1] Plaintiffs filed their notice of appeal on July 15, 2013. Because a final disposition by the district court was not initially apparent from the docket, this court entered an order directing Plaintiffs to address the issue of this court's jurisdiction. See 28 U.S.C. § 1291. The transcript of the July 15, 2013, hearing shows that the district court issued an oral ruling denying a preliminary injunction and dismissing the case. In response to this court's order, Plaintiffs submitted the district court's July 23, 2013, written decision to the same effect. Defendants filed a motion to dismiss, arguing that Plaintiffs' response was not timely filed and failed to describe a response. We conclude that Plaintiffs' notice of appeal was sufficient and timely, and that this court has jurisdiction. See Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").

## III

We generally review a district court's dismissal for frivolousness pursuant to § 1915(e)(2)(B)(i) for abuse of discretion. Conkle v. Potter, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). "A claim is frivolous or malicious if it is based on an indisputably meritless legal theory." Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir. 1992) (quotations omitted). We review de novo a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), Conkle, 352 F.3d at 1335, applying the same standard we use in reviewing dismissals under Fed. R. Civ. P. 12(b)(6), Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id. at 1217 (quotation omitted). Because Plaintiffs are proceeding pro se, we construe their filings liberally, but we do not "assume the role of advocate." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiffs state in conclusory fashion that the district court ignored facts and erred in dismissing the case when some facts remained controverted. The district court, however, had already granted a motion to amend earlier in the case and provided Plaintiffs the opportunity to further explain and bolster their claims at a hearing on the motion for preliminary injunction. At that hearing, Barerra confirmed that in responding to Defendants' request for admissions, she admitted that Lewis had been living with her and thus that she had violated the rental agreements.

We agree with the district court that Plaintiffs "failed to plead any facts . . . that defendants discriminated against them in violation of . . . the Fair Housing Act." See 42 U.S.C. § 3604(b) (making it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race"). In the complaint at issue, Plaintiffs provided several conclusions, but they fail to draw our attention to any specific factual allegations that were not contradicted by Plaintiffs themselves at the hearing. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). "Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint" was properly dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The district court did err in stating that Lewis lacked standing to seek a preliminary injunction or other relief because he was not a resident of the Defendants' property. The FHA prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling." § 3604(b) (emphasis added). However, we affirm the

district court's ruling that there were no facts pled to indicate unlawful discrimination in this case.  See Elkins v. Comfort, 392 F.3d 1159, 1162 (10th Cir. 2004) (we may "affirm on any ground adequately supported by the record").

Defendants ask us to find that this appeal is frivolous so that they may file a motion under Fed. R. App. P. 38 for attorneys' fees and costs incurred in defending the appeal.  See id. ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").  Defendants point to Lewis' extensive previous filings as support for their position.  We note that the district court's order imposed filing restrictions on Lewis based on his role as a plaintiff in approximately eighteen other cases in Kansas district court and numerous cases in the Tenth Circuit, all of which have been closed.  We conclude that this appeal is frivolous, but remind appellees that we will only decide whether to exercise our discretion to impose sanctions after a separately filed motion and opportunity for response from the Plaintiffs.

**IV**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.  The

Defendants' motion to dismiss the appeal is **DENIED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge