FILED
United States Court of Appeals
Tenth Circuit

November 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD CHANCE LEOFF,

      Plaintiff - Appellee/
Cross-Appellant,

v.

S AND J LAND COMPANY, a Colorado
limited liability company,

      Defendant - Appellant/
Cross-Appellee.

Nos. 14-1146 and 14-1158
(D. Colorado)
(D.C. No. 1:08-CV-02112-RPM-MEH)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

We are presented with the second appeal in this case. On the first appeal we

affirmed the district court's ruling that Richard Leoff and S and J Land Company (S & J)

had formed a partnership that was dissolved by the court's decree on December 21, 2010.

We also affirmed the rulings that Leoff had wrongfully filed a mechanic's lien on the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
*See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

White House condominiums (the partnership's sole project); that Leoff owed S & J a $1,000 statutory penalty for his improper filing of a lis pendens; and that neither partner had proved a breach of fiduciary duty by the other. But we reversed and remanded in part because the court had failed to conduct a final accounting of the partnership assets and liabilities and had neglected to award S & J its attorney fees in voiding the mechanic's lien.

On remand the district court ordered Leoff to repay (with interest) a $50,000 advance on partnership profits that he had received from S & J; and it awarded $24,788.65 to S & J for its district-court attorney fees and costs in voiding the mechanic's lien. But it again failed to conduct a full accounting and, apparently through oversight, it failed to include in its judgment the $1,000 previously ordered as a penalty against Leoff for improperly filing a lis pendens. We reverse and remand again for the district court to conduct an accounting and to correct its judgment by including the $1,000 penalty. We also award $5,000 to S & J for its attorney fees in defending on the first appeal the judgment in its favor on the mechanic's lien.

## I.    ACCOUNTING

Our decision on the first appeal ordered the district court "to conduct a final partnership accounting." *Leoff v. S & J Land Co.*, 503 F. App'x 630, 631 (10th Cir. 2012). That court had declared the partnership dissolved. But after dissolution the partnership must be wound up. *See* Colo. Rev. Stat. § 7-64-802(1) (1997) ("[A] partnership continues after dissolution only for the purpose of winding up its business.").

2

It must use its assets to pay off creditors, *see id.* § 7-64-807(1) ("In winding up a partnership's business, the assets of the partnership . . . shall be applied to discharge or provide for partnership obligations to creditors . . . ."), and reasonably compensate the winding-up partner "for services rendered in winding up the business of the partnership," *id.* § 7-64-401(8). The resulting net worth (or debt) must then be apportioned among the partners in accordance with their agreement and an accounting. *See id.* § 7-64-807(2) ("Each partner is entitled to a settlement of all partnership accounts upon winding up the partnership business. In settling accounts among the partners, the profits and losses that result from the liquidation of the partnership assets shall be credited and charged to the partners' accounts."); *see also Tucker v. Ellbogen*, 793 P.2d 592, 597–98 (Colo. App. 1989) (describing partnership dissolution procedures).

The district court did order a sale of the partnership's sole asset, the White House property, which occurred on January 28, 2011. *See Leoff*, 503 F. App'x at 634. But the court did not conduct an accounting to determine the partnership's final value and apportion that amount (positive or negative) between the two partners. Rather, it said, "[a]ccepting that there was an effective dissolution of this partnership before construction began [in May 2007], it would be incongruous to hold Leoff liable for losses that S & J incurred in pursuing the project to completion and sale after litigation," and "[t]here is no conceivable basis for any finding that Leoff would be liable as a general partner to any creditor of S & J after May, 2007, and he should have no liability to S & J for its losses

3

after that date." R., Vol. XI at 2273 (Findings, Conclusions and Order, *Leoff v. S & J Land Co.*, No. 08-cv-02112-RPM (D. Colo. Mar. 21, 2014)).

But the law is otherwise. As stated in our decision on the first appeal, until the partnership is wound up, a partner (like Leoff) must share in any decrease in the value of partnership assets, even if the partner cannot be "blamed" for the decrease. *See Leoff*, 503 F. App'x at 637. Of course, each partner owes a fiduciary duty to treat the other partner fairly as the assets are disposed of. *See* Colo. Rev. Stat. § 7-64-404(2)–(3); *Tucker*, 793 P.2d at 597–98. But the district court had previously found that neither partner had proved a breach of fiduciary duty by the other. Absent misconduct by S & J, we fail to see any basis on which the court could limit Leoff's share of the partnership losses.

Leoff's brief on appeal presents no argument that the district court conducted an accounting. He suggests (in one sentence) only that the district court properly ignored evidence of S & J's pro forma tax returns. This argument fails in two respects. First, the court's findings and conclusions on remand said nothing about rejecting the tax-return evidence. Second, even if the court rejected some evidence, it still would need to conduct an accounting, or explain why it could not do so.

"[A] district court must comply strictly with the mandate rendered by the reviewing court." *Ute Indian Tribe of Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1521 (10th Cir. 1997) (internal quotation marks omitted). That was not the course taken by the district court. The court did require Leoff to repay a $50,000 advance on

4

partnership profits; but it made no attempt to apportion losses between partners during the full existence of the partnership. We therefore must reverse again and remand with the same direction to conduct a full accounting, which should include compensation to S & J for any reasonable services during the partnership winding up.

## II.    ATTORNEY FEES

This litigation began when Leoff filed a mechanic's lien against the White House property and then sued to enforce the lien. S & J prevailed on this claim, obtaining a partial summary judgment that the lien was invalid because the property was owned by a partnership of Leoff and S & J and a partner cannot file a mechanic's lien against partnership property. We affirmed that ruling but ordered the district court on remand to award S & J attorney fees in defending against the lien, as required by Colo. Rev. Stat. § 38-22-128 (1975). The court then awarded attorney fees for S & J's effort in obtaining the partial summary judgment.

On this appeal S & J contends that it should also be entitled to fees incurred in defending against Leoff's efforts to challenge the existence of a partnership in proceedings after the partial summary judgment, both in district court and on the first appeal. But the district court awarded S & J all it requested in attorney fees incurred in district court, so that leaves only its request for its fees for the first appeal. Although its briefs on the first appeal requested appellate attorney fees, we did not expressly address that issue. We now award $5,000 to S & J for defending the partial summary judgment on appeal. *See JW Const. Co. v. Elliott*, 253 P.3d 1265, 1273 (Colo. App. 2011)

5

(awarding fees under Colo. Rev. Stat. § 38-22-128 "for defending the appeal of the

excessive lien award").

## III.    STATUTORY PENALTY

S & J argues that the $1,000 statutory penalty for Leoff's improper filing of a lis

pendens was erroneously omitted from the district court's judgment.  We agree.  *See*

*Leoff*, 503 F. App'x at 640.  The penalty should be included in the judgment on remand.

## IV.    LEOFF'S CROSS-APPEAL

In his cross-appeal Leoff raises what he terms *equitable estoppel*.[1]  Citing *Extreme*

*Construction Co. v. RCG Glenwood, LLC*, 310 P.3d 246 (Colo. App. 2012), he argues:

> [A] party that disaffiliates a former partner, as S and J did as to Mr. Leoff,
> then proceeds with executing a project on an entirely different basis from
> the initial intention of the partners, cannot be heard to claim damages
> measured by a fictitious accounting fabricated to show alleged losses had
> the project continued on a vector long since abandoned for a more
> profitable scenario.

Aplee. Br. at 10–11.

---

[1] Leoff also argues (in two sentences) that the district court was correct in exercising judicial discretion to interpret contracts.  But he fails to explain how contract interpretation is relevant to any of the issues on appeal.  He then argues (in one sentence) that the court "correctly concluded that Colorado's statutory scheme for partnership winding-up was inapposite to the remand."  Aplee. Br. at 14.  But the court made no such determination, and Leoff fails to argue why the statute would not apply.  We need not respond to these undeveloped arguments.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are . . . inadequately presented[] in an appellant's opening brief.").  Also, in his reply brief on cross-appeal, Leoff argues that S & J breached its fiduciary duty to him.  We need not reach this argument because it was not in his opening brief.  *See id.* ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

We reject the argument. To begin with, *Extreme Construction* is not on point. It holds only that if a contract term is ambiguous, a party's delay in disputing the other party's interpretation may equitably estop it from later contesting that interpretation. *See Extreme Constr.*, 310 P.3d at 252. To make out a case for equitable estoppel by reason of delay, *Extreme Construction* requires establishing "(1) the other party had full knowledge of the facts, (2) the other party unreasonably delayed in asserting an available remedy, and (3) the party asserting the doctrine relied on the other party's delay to its detriment." *Id.* Leoff does not explain how *Extreme Construction* is relevant here. He does not point to an ambiguous contract term, explain how S & J unreasonably delayed, or assert any reliance.

Second, Leoff did not raise this issue in district court. Although we occasionally permit a party to seek affirmance of a district-court judgment on a ground not raised below, we consistently refuse to do so when the new argument is fact-dependent because the opposing party has not had an opportunity to present contrary or countervailing evidence. *See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004) ("In exercising [discretion to affirm on a ground not adopted by the district court] we consider whether the ground was fully briefed and argued here and below, whether the parties have had a fair opportunity to develop the factual record, and whether, in light of factual findings to which we defer or uncontested facts, our decision would involve only questions of law." (brackets, citations, and internal quotation marks omitted)); *Dist. 22 United Mine Workers of Am. v. Utah*, 229 F.3d 982, 991 (10th Cir. 2000) ("[W]e decline to affirm the

7

judgment of the district court on this alternate ground due to the factual nature of the statute of limitations inquiry in this case."). That is the situation here, because equitable claims are always quite fact-based. *See Extreme Constr.*, 310 P.3d at 252 ("Whether the circumstances of a particular case support the application of the equitable estoppel doctrine is a question of fact . . . .").

## V. CONCLUSION

We REVERSE the district court's refusal to conduct a final partnership accounting and its failure to include the $1,000 penalty in its judgment; and we REMAND to correct these errors. We also AWARD $5,000 to S & J against Leoff for its attorney fees on the first appeal relating to the mechanic's lien, and we DENY Leoff's emergency motion for a remand. Costs should be reassessed by the district court in light of the change in the judgment. *See Stichting Mayflower Recreational Fonds v. Newpark Res., Inc.*, 917 F.2d 1239, 1248 (10th Cir. 1990) ("Because our opinion alters the relief obtained by the parties to some degree, on remand the district court should exercise its discretion and determine what, if any, changes should be made to the original assessment of costs.").

Finally, on remand the case should be assigned to a different district judge.[2]

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

---

[2] The accounting dispute has been pursued simultaneously in both state and federal court. After the district court's order on remand, the San Miguel County District Court held a trial on the issue of a final accounting, finding that Leoff must contribute $377,294 to settle partnership accounts. Leoff has appealed the judgment to the Colorado Court of Appeals. The district court may wish to stay its proceedings until the Colorado Court of Appeals rules on Leoff's appeal.