**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIELLE DIXON,

    Plaintiff - Appellant,

v.

RJM ACQUISITIONS, LLC, a New
York limited liability company,

    Defendant - Appellee.

No. 15-1098
(D.C. No. 1:13-CV-02436-MSK-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

When reporting a disputed debt, a debt collector bears a legal duty to

communicate that the debt is disputed. In this case, a debt collector reported a

debt, but did not state that it was disputed. The issue was whether the debt had

been disputed.

On this issue, the debtor moved for summary judgment. The debt collector

objected, arguing that the existence of a dispute constituted an issue of material

_____

[*]     The debtor requested oral argument, but it would not materially aid our
consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under
the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App.
P. 32.1(a); 10th Cir. R. 32.1(A).

fact. Even though the debt collector did not seek summary judgment on its own, the district court considered this possibility and required the debtor to supplement the record with any additional evidence that the debt collector had made a false communication when reporting the debt. The district court ultimately granted summary judgment to the debt collector on the ground that it had not made any false communications when reporting the debt. This ruling constituted error because a reasonable fact finder could infer that the debt was disputed. Accordingly, we reverse.

## I. The district court erroneously granted summary judgment to the debt collector.

The claim arose under the Fair Debt Collection Practices Act, which prohibits debt collectors from communicating credit information that is known (or should be known) to be false. 15 U.S.C. § 1692e(8). This prohibition covers a debt collector's "failure to communicate that a disputed debt is disputed." *Id.*

Invoking this prohibition, the debtor claimed that she had disputed a debt and that the debt collector had reported the debt without disclosing that it was disputed. Based on this claim, the debtor moved for partial summary judgment and the debt collector argued that the amount of the debt was disputed. *See* Doc. 37 at 8 (argument by the debt collector that the entirety of the recorded call and the debtor's deposition testimony "raises a question of fact as to whether or not ...

Plaintiff disputed the debt"); *id.* at 7 ("[W]hether Plaintiff actually disputed the debt during the July 25, 2013 phone call is clearly a question of fact.").

There is little question about what the debtor told the debt collector. In that conversation, the debt collector said the debt was $102.99. The debtor asked if she could pay less and said she thought the debt should have been less. When asked why she thought the debt was for less, the debtor did not answer. Instead, she asked if the debt collector would take less. Based on this conversation, the district court granted summary judgment to the debt collector, reasoning that the debtor did not dispute the debt. We respectfully disagree.

Because the court was considering summary judgment in favor of the debt collector, the court had to view the evidence in the light most favorable to the debtor. *See Emcasco Ins. Co. v. CE Design, Ltd.*, 784 F.3d 1371, 1378 (10th Cir. 2015). Instead, the court stated that it was "[v]iewing th[e] evidence . . . in the light most favorable to [the debt collector]." Doc. 43 at 7.

When we view the evidence in the light most favorable to the debtor, as required, we believe she has created a genuine fact issue on whether the debt was disputed. In the recorded conversation, she said:

- "I don't agree that I owe that much, that's too much,"

- "I don't owe that much," and

- "I feel that all I owe is $20."

A reasonable fact finder could treat these statements as a dispute of the debt. For example, the debt collector's training materials give examples of ways that debtors dispute debts. Appellant's App'x at 111, 148. These examples include one of the debtor's statements here: "'I don't owe that much.'" *Id.* And after the telephone call, the debt collector wrote a note stating that the debtor had said "she doesn't feel she owes $102." *Id.* at 113.

On appeal, the debt collector points out that the debtor never said why she disputed the amount and complained only that she did not have $102.99, the amount that was allegedly owed. A fact finder might ultimately be swayed that the debtor lacked any reasonable ground for disputing the debt. But a fact finder could also reasonably conclude that the debtor was disputing the debt. Even the debt collector acknowledged that the existence of a dispute constituted a genuine issue of material fact. Because the existence of a dispute involved a material issue of fact, the district court should not have granted summary judgment to the debt collector.

The debt collector asks us to affirm based on two alternative grounds: (1) the omitted information was immaterial because the debtor admittedly lacked any basis for disputing the debt and (2) the debt collector had a valid defense because its error was bona fide.

We can ordinarily affirm rulings when we agree with the district court's result but disagree with its reasoning. *See Bolden v. PRC Inc.*, 43 F.3d 545, 548

(10th Cir. 1994). In determining whether to exercise that discretion, however, we consider whether the parties have presented the alternative ground to the district court. *See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004).

Here the debt collector did not seek summary judgment based on either of these grounds. And when the district court gave notice that it was considering a sua sponte award of summary judgment, the notice identified only one issue: the existence of any false information in the debt collector's reporting of the debt. The debt collector's two alternative arguments for affirmance surfaced only in this appeal. As a result, we decline to consider these arguments. *See Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1309-10 (10th Cir. 2007) (declining to affirm a summary judgment ruling on alternative grounds because "[i]t would be unfair to affirm a summary judgment against a plaintiff for lack of evidence of an element of the cause of action unless the defendant has clearly challenged that lack of evidence in district court").

In these circumstances, we reverse the award of summary judgment and remand for further proceedings.

## II.    We also deny two related motions.

The parties have filed two motions.

The debt collector moves to strike the debtor's reply brief. This motion, and the associated request for sanctions, is denied.

The debtor moves for an award of appellate fees and costs. This motion is denied because it is premature. Federal law authorizes an award of appellate fees and costs when a claimant establishes liability under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692K(a)(3). Though we reverse the debt collector's award of summary judgment, that does not mean the debtor has established liability. Until she does, the debtor's motion is premature.

Entered for the Court

Robert E. Bacharach
Circuit Judge