**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROLF ERIK CARLSON,

     Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
ENERGY,

     Defendant - Appellee.

No. 20-2080
(D.C. No. 1:17-CV-00784-RB-GJF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Rolf Erik Carlson used to have a security clearance through the Department of

Energy (the Department). The Department's personnel security file on him is at the

center of this case. After losing his clearance, Carlson asked the Department to add

documents to the file and to investigate information already in the file. The

Department refused. Carlson then sued under the Privacy Act of 1974, seeking

damages and an order requiring the Department to comply with his requests. The

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

district court dismissed the claims, and Carlson appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I. Background

Carlson lost his security clearance about a decade ago, and he later obtained a copy of his personnel security file from the Department. In his view, the file contained inaccurate and incomplete records, so he sought to amend it through four requests under the Privacy Act. Each of these four requests had two parts: one part asked the Department to add a document to his file; the other inquired whether the file was accurate or complete in light of the document he wished to add. For example, one request sought to add a document with information about a medical prescription and inquired whether a statement in his file from the prescribing doctor was accurate. The Department consolidated Carlson's four requests and denied them.

Carlson appealed to the Department's Office of Hearings and Appeals. Although the Office of Hearings and Appeals disagreed with the reasoning behind the initial denial, it nevertheless concluded that the denial was proper. In denying the appeal, it decided that the disputed information in the file was no longer relevant because there was not a pending investigation involving Carlson and that "the challenged information cannot unfairly result in a determination adverse to Dr. Carlson because Dr. Carlson would have an opportunity to refute the information if the security clearance investigation ever resumed." R. at 73.

Carlson then filed this lawsuit, alleging that the Department violated the Privacy Act by denying his requests. He sought damages and an order forcing the

2

Department to amend and investigate his file. The district court dismissed the claims for damages under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] The court concluded that Carlson sufficiently pleaded his claim for injunctive relief, however, and allowed an amended complaint focusing only on that claim.

After Carlson filed an amended complaint, the Department moved to dismiss the remaining claim as moot. The Department submitted an affidavit declaring that the four documents that Carlson wished to add to his security file had actually been in the file since July 2015, the same month the Office of Hearings and Appeals denied his appeal.[2] Based on the affidavit, the district court concluded that Carlson's "sole remaining claim seeking a court order requiring the [Department] to place the documents into his [file] is rendered moot because the documents are already there." R. at 196. It therefore dismissed Carlson's claim for injunctive relief as moot under Rule 12(b)(1). Carlson filed postjudgment motions challenging the dismissal of his claims, and the district court denied the motions.

---

[1] The district court also denied Carlson's motion for leave to file an amended complaint reasserting the claims for damages. Carlson's opening brief does not raise any substantive arguments alleging error in that ruling, so he has waived any challenge to it. *See Cisneros v. Aragon*, 485 F.3d 1226, 1233 (10th Cir. 2007).

[2] The affidavit and the memorandum supporting the Department's motion to dismiss were sealed in the district court, and they have been provisionally sealed in this court. We conclude that they should remain sealed because they contain Carlson's personal medical information. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011).

## II. Discussion

Carlson challenges the dismissal of his claims for damages and for injunctive relief. Because he represents himself, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We review de novo the dismissals under Rules 12(b)(1) and 12(b)(6). *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

### A. The Privacy Act

An agency that maintains a system of records must permit individuals to request amendments to records pertaining to them. 5 U.S.C. § 552a(d)(2). In response to such a request, the agency must either correct the challenged part of the record or inform the individual that it has refused the request.[3] § 552a(d)(2)(B). If the agency refuses to amend the record, the individual may sue, and the court may provide injunctive relief by ordering "the agency to amend the individual's record" as requested "or in such other way as the court may direct." §§ 552a(g)(1)(A), (g)(2)(A).

---

[3] Carlson argues that the Department owed him a fiduciary duty when acting on his Privacy Act requests. But he does not claim to have raised this argument in the district court or direct us to a part of the record showing that he raised it. *See* 10th Cir. R. 28.1(A). Our review of the record uncovered no sign that he raised this issue until now. And he does not argue that the district court's failure to recognize a fiduciary duty amounted to plain error. So to the extent Carlson argues for reversal based on his claim that the Department owed him such a duty, we do not consider that argument. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011).

The Privacy Act also authorizes damages in two scenarios, both requiring a showing that the agency acted intentionally or willfully. § 552a(g)(4). First, damages are available if the agency intentionally or willfully "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination . . . that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual." §§ 552a(g)(1)(C), (g)(4). Second, damages are available if the agency intentionally or willfully fails to comply with any other provision of § 552a or a rule promulgated under it "in such a way as to have an adverse effect on an individual." §§ 552a(g)(1)(D), (g)(4).

## B. Carlson's Claims for Damages

"To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1266 (10th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the complaint pleads facts that allow a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To evaluate a Rule 12(b)(6) motion, courts accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

5

The district court dismissed Carlson's claims for damages under Rule 12(b)(6), concluding that he failed to present facts alleging that the Department acted in an intentional or willful manner.

The district court's ruling was correct. Conduct qualifies as intentional or willful under the Privacy Act if it is "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful," if it is "committed without grounds for believing it to be lawful," or if it flagrantly disregards "others' rights under the Act." *Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 425 (10th Cir. 1988) (internal quotation marks omitted). Carlson's complaint merely disputes the reasoning that the Department used to deny his requests; it does not allege facts that could show the Department willfully or intentionally violated the Privacy Act.

Indeed, Carlson himself does not argue that his complaint sufficiently supports his claims for damages. He instead argues that support for the claims can be found in a different document—a document he refers to as a "crime tip." Several months after filing his complaint, Carlson filed the crime tip along with an ex parte motion to file it under seal. The ex parte motion claimed that the crime tip had been submitted to the Department of Justice, but it expressly asked the district court to withhold the crime tip from the Department of Energy. The district court denied the motion, but for reasons unclear to us, the crime tip has apparently remained sealed in the district court, visible only to Carlson and the court.[4]

---

[4] Carlson asserts that the district court's denial of his ex parte motion led him to believe that the Department could access the crime tip. The Department maintains

6

To the extent Carlson contends that the district court should have considered allegations in the crime tip to assess the sufficiency of his complaint, we reject that argument. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). This general rule has limited exceptions: a court may also consider documents the complaint incorporates by reference; documents referenced in the complaint and central to the claims, provided the parties do not dispute the documents' authenticity; and matters subject to judicial notice. *Id.* The crime tip does not fit any of these exceptions.[5] And after trying to keep the crime tip from the Department, Carlson cannot now claim that the document supplements his complaint, for a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (ellipsis and internal quotation marks omitted).

---

that it cannot access the crime tip, but it acknowledges that its inability to access it "may not have been clear to Carlson." Aplee. Br. at 20 n.7. After the Department filed its appellate brief, Carlson moved to supplement the record with the crime tip and related sealed documents. We created a sealed supplement to the record with those documents, visible only to this court. We take no further action on the sealed supplement; allowing the Department to access the documents now would serve no purpose because it has already filed its brief.

[5] Although his argument focuses on information in the crime tip, Carlson also points to information in the Department's initial determination letter denying his requests. He attached the determination letter to his complaint. The Department concedes, and we agree, that the determination letter could properly be considered in assessing Carlson's complaint. But even Carlson does not argue that information in the determination letter, without help from the crime tip, should shield his damages claims from dismissal; he instead argues that the letter, "in conjunction with information in the crime tip, satisfies the requirements for the recovery of damages under the Privacy Act." Aplt. Opening Br. at 4.

We do not consider Carlson's related argument that the district court should have granted his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), in which he argued that allegations in the crime tip showed that the Department intentionally or willfully violated the Privacy Act. Carlson's opening brief mentions in its statement of the case that the district court denied his Rule 60(b)(1) motion, but it does not challenge the court's analysis. Only in his reply brief does Carlson argue against the court's Rule 60(b)(1) order, and we will not consider arguments that first appear in his reply brief, *see Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008).

## C. Carlson's Claim for Injunctive Relief

The district court dismissed Carlson's claim for injunctive relief, apparently believing that the only remaining relief he sought was an order forcing the Department to add the four new documents to his file. Because the documents had been added to the file, the court concluded, Carlson's claim was moot. But as Carlson argues, and the Department concedes, he requested additional relief—an order forcing the Department to investigate information in his file that may conflict with the four new documents. The court therefore erred when it found that Carlson had received all the remaining relief he sought.

The Department argues that we should nevertheless affirm the dismissal for a reason that the district court did not rely on. The Department's Privacy Act regulations allow an individual to request corrections or amendments to information about that individual in the Department's records. 10 C.F.R. § 1008.6(a)(3). But

8

there are limits on inquiries about the accuracy or completeness of information in the records: "If the information is to be used by the [Department] in making a determination about the individual," a request for correction or amendment may include inquiries about "whether the information is as accurate, relevant, timely, or complete as is reasonably necessary to assure fairness in the determination." § 1008.6(a)(3)(ii). The Department argues that Carlson does not (indeed, cannot) claim that any information in his file "is to be used" in making a determination about him, because the only determination Carlson mentions occurred many years ago when he lost his security clearance. For that reason, the Department says, Carlson fails to state a claim that would allow the court to order the investigations he seeks.

We have discretion to affirm on any ground that the record sufficiently supports. *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004). Several factors bear on whether we should exercise that discretion: whether the parties fully briefed and argued the issue here and in the district court, whether the parties had a fair opportunity to develop the factual record, and whether our decision would depend only on questions of law. *Id.* Carlson has addressed the Department's alternative argument in his reply brief, and he does not offer any reason why we should not address the argument in the first instance. In addition, the alternative argument does not involve any disputed facts and raises only a question of law. For these reasons, we exercise our discretion to address the argument.

The Department is correct that Carlson's amended complaint failed to state a claim that could entitle him to an order forcing the Department to investigate the

9

accuracy or completeness of information in his file. An individual may only request accuracy or completeness inquiries about information that "is to be used" to make a determination about the individual. § 1008.6(a)(3)(ii). This provision plainly limits accuracy or completeness inquiries to information that will be used in an ongoing or future determination; it leaves no room for Carlson's argument that it authorizes such inquiries into information used only in a past determination. Carlson's amended complaint mentions only a determination that occurred many years ago, so he did not allege facts that could support a request for inquiries into the accuracy or completeness of information in his file. We therefore affirm the dismissal of his claim for injunctive relief.

III.  Conclusion

The judgment is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge