FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS RODRIGUEZ,

    Defendant - Appellant.

No. 25-2003
(D.C. No. 1:16-CR-01982-JCH-KRS-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

---

Mr. Jesus Rodriguez moved for a sentencing reduction, *see* 18 U.S.C.

§ 3582, and the district court denied his motion. Mr. Rodriguez appeals.

In deciding the motion, the district court needed to consider three

steps:

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1.  Did extraordinary and compelling reasons exist to warrant reduction?

2.  Was a reduction consistent with applicable policy statements of the Sentencing Commission?

3.  Did the applicable sentencing factors support a reduction?

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). If Mr. Rodriguez were to fail at any of these steps, he could not obtain relief. *Id.* at 1043.

In district court, Mr. Rodriguez presented two grounds for the motion:

1.  The Supreme Court changed the interpretation of the law under which he was convicted, causing a disparity between his sentence and the sentence he would have received if he were sentenced today. *See Borden v. United States*, 593 U.S. 420, 429 (2021).

2.  He made progress toward rehabilitation.

The district court found that Mr. Rodriguez had failed at the first and third steps. Challenging this finding, Mr. Rodriguez argues that the court abused its discretion.

The government argues that Mr. Rodriguez didn't satisfy the second step because

- a new policy statement (U.S.S.G. § 1B1.13(c)) prohibits the court from considering a change in law as an extraordinary and compelling reason unless the movant has served ten years and

- Mr. Rodriguez had not served ten years.

2

Given this argument, we consider whether to affirm based on a failure to satisfy the second step. Even though the district court did not reach this step, we retain discretion to affirm on any ground supported by the record. *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004). In determining whether to exercise that discretion, we consider whether

- the theory was briefed,

- parties had a fair opportunity to develop the factual record, and

- resolution turns solely on legal questions.

*Id*. Each factor supports consideration of the policy statement: The issue was briefed by both parties, a fair opportunity existed for both to develop the factual record in the motions, and no factual disputes exist.

We thus consider the government's argument to affirm based on the second step. For this step, Mr. Rodriguez acknowledges that the new policy statement "presently forecloses relief." Appellant's Reply Br. at 10–14. With this concession, Mr. Rodriguez's only other alleged ground would be rehabilitation. But rehabilitation alone can't constitute an extraordinary and compelling reason to reduce the sentence. 28 U.S.C. § 994(t). As a result, Mr. Rodriguez failed to satisfy the second step.

\* \* \*

The parties agree that Mr. Rodriguez's change in the law cannot satisfy the second step. And the district court may deny a motion for a failure at any of the three steps. *United States v. McGee*, 992 F.3d 1035,

3

1042 (10th Cir. 2021). So we affirm the ruling based on Mr. Rodriguez's failure to satisfy the second step.[1]

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]    The government also argues that the district court couldn't consider Mr. Rodriguez's grounds through a motion for a sentence reduction. This argument focuses on whether the district court could grant relief on a particular ground, rather than the district court's jurisdiction. The government's argument is not jurisdictional, and we need not address it.