**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jacob James DOST and Thomas Edward Kilfoyle, Defendants-Appellants.**

**Nos. 76–1829, 76–1830.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Dec. 12, 1977.

Decided May 1, 1978.

Rehearing Denied June 9, 1978.

Ronald F. Ross, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Burton C. Jacobson, Beverly Hills, Cal. (John B. Leyba, Albuquerque, N. M., on the brief), for Jacob James Dost, defendant-appellant.

David M. Ebel, Denver, Colo. (Davis, Graham & Stubbs, Denver, Colo., on the brief), for Thomas Edward Kilfoyle, defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

In the first count of a four-count indictment, James Dost and Thomas Kilfoyle were charged with mailing nonmailable matter from Los Angeles, California, to Roswell, New Mexico, in violation of 18 U.S.C. § 1461. The material in question was an advertising letter giving information as to where, how, from whom, and by what means certain nude photographs could be obtained. In the other three counts, the two defendants were also charged with mailing other nonmailable matter from Los Angeles, California, to Roswell, New Mexico, namely, obscene photographs, in violation of 18 U.S.C. § 1461. Each of the latter three counts was based on a separate mailing. A jury convicted the defendants on all four counts, and each now appeals his sentence. We affirm.

Both defendants assert that the photographs in question were not obscene, as a matter of law, and that the trial court erred in submitting the issue to the jury. We disagree. The photographs in question were of ten- and eleven-year-old girls, in the nude, in suggestive poses, and doing a variety of lewd acts. On the issue of obscenity, the photographs in a very real sense speak for themselves. However, the prosecution did not rest there, and called

two expert witnesses, both clinical psychologists, who testified at length. The defense countered with some expert witnesses of their own. However, all this created was an issue of fact. There is ample evidence to support the jury's determination that the photographs were obscene. We think the trial court in its definition of obscenity complied with *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

The trial court instructed the jury concerning the effect to be given any evidence of pandering. The instruction given was couched in language from *Ginzburg v. United States,* 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966). Both defendants now claim that the trial court erred in giving the so-called pandering instruction. We disagree.

The jury was instructed that in determining whether the photographs in question were obscene, they could consider any evidence of "pandering" in making such determination. Pandering was then defined. In short, the jury was instructed that they could take into consideration the "setting" in which the photographs and brochures were presented by the two defendants. Without going into greater detail, we find no error in the giving of the trial court's instruction on pandering. It is common sense that the mode and manner in which the photographs were presented to the general public is one fact that may be considered in determining whether, under the *Miller* test, the photographs themselves are obscene. It is true that pandering was not charged in the indictment of the defendants, nor is it an element of the crimes which were charged. However, evidence of pandering can be relevant in determining whether the materials in issue are obscene. We find no error in the giving of the instruction. *Hamling v. United States,* 418 U.S. 87, 130, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

Both defendants also challenge the grand jury proceedings which lead to the present indictment. At oral argument counsel conceded that he had an "uphill battle" on this particular point. In our view, counsel did not win his battle. We find nothing to indicate grand jury irregularity. *United States v. Donahey,* 529 F.2d 831 (5th Cir. 1976) and *United State v. Evans,* 542 F.2d 805 (10th Cir. 1976).

Kilfoyle asserts one additional ground for reversal. Dost conceded sending the materials in question through the mail, and his main line of defense was that the material was not obscene. Kilfoyle claims that the evidence is insufficient to tie him in with Dost, and that in any event he had no knowledge of the type of material being sent through the mail. We disagree.

Kilfoyle opened the Post Office box in Los Angeles to which inquiries were directed. In opening the box, Kilfoyle indicated that a part of the business was the mailing of "photographs." Both Kilfoyle and Dost picked up the mail which had been sent to the box in response to advertisements placed in sex-oriented papers. And very significantly, when arrested, Kilfoyle blurted out, spontaneously and in response to no questioning, that he "had checked with an attorney and that an attorney had told him that it was all right to mail the merchandise that he was selling through the U. S. mails." This utterance clearly permits the inference that Kilfoyle knew the nature of the material in which he and Dost were dealing. The fact his lawyer may have given Kilfoyle some bad advice does not shield Kilfoyle from the consequences of his act. On the evidence, Kilfoyle is not an innocent bystander. *United States v. Spoonhunter,* 476 F.2d 1050 (10th Cir. 1973) and *United States v. Bourassa,* 411 F.2d 69 (10th Cir. 1969).

Judgment affirmed.