**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JONATHAN S. NELSON,

     Petitioner - Appellant,

v.

RAY ROBERTS, Secretary of Corrections;
STATE OF KANSAS; DEREK
SCHMIDT, Attorney General of Kansas,

     Respondents - Appellees.

No. 17-3005
(D.C. No. 5:15-CV-03083-EFM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **McHUGH**, Circuit Judges.
_____

A state trial judge convicted Jonathan Nelson of sexual exploitation of a child

because he possessed images depicting children "engaging in sexually explicit

conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient

interest of the offender." Kan. Stat. Ann. § 21-3516(a)(2) (repealed 2011). Nelson,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

acting pro se[1], appeals from the district judge's denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. This court granted a certificate of appealability (COA) based upon Nelson's claim that his conviction is unconstitutional because the images he possessed are not sexually explicit and therefore qualify as protected speech under the First Amendment. We affirm[2] the denial of habeas relief, albeit on grounds different from those offered by the district judge. We also deny a COA on Nelson's second claim asserting he lacked the requisite scienter regarding the sexually explicit nature of the images.

## I.     State Court Proceedings

Nelson's conviction followed a bench trial based on stipulated facts and the admission of five images of underage girls. *State v. Nelson*, No. 106,279, 2012 WL 4373003, at *1 (Kan. Ct. App. Sept. 21, 2012) (per curiam) (unpublished). Regarding the content of the five images, the factual stipulation stated:

- "Nelson had purchased a membership to [the "Little Virgins"] website."
- "He admitted he downloaded approximately 200 sequential images of children between the ages of 5 and 15."
- "The children [in the images] were nude or partially clothed and in sexually suggestive positions."
- The Heart of America Regional Computer Forensic Laboratory determined that "[a]t least 48 of the images were . . . [of] children under 18 years of age in sexually suggestive poses."

---

[1] We afford solicitous consideration of a pro se litigant's arguments, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), but cannot act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nelson's arguments are sophisticated and thorough; he seems to need no assistance. Few attorneys could do it better, but most would be more succinct.

[2] Our jurisdiction derives from 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a), (c).

2

*Id.* at *2 (internal quotation marks omitted).  The statute defined "sexually explicit

conduct" to include "[e]xhibition in the nude" and "lewd exhibition of the genitals,

female breasts or pubic area."  Kan. Stat. Ann. § 21-3516(b)(1).

At Nelson's trial, the prosecutor said he selected five of the 200 images that he

"believe[d] to be most indicative of child pornography."  R., Vol. III, Trial Trans. at 14.

In closing, the prosecutor argued these five images depict sexually explicit conduct

because they:

> are not simply artistic in nature.  They show the genitals of young girls.  They
> show them in sexually explicit positions with their legs spread.  Judge, there is no
> basis for those photographs merely portraying young girls in playful situations or
> in nature.  They are all designed to direct one's attention to their genitals for
> sexual purposes.

*Id.* at 18.  Nelson conceded the children's genitalia are visible in the images, but he

argued it is not the focus of the pictures because each portrays the entire child.  He also

maintained that nudity alone is not a crime.  The prosecutor responded,

> [I]t isn't necessary that a child actually be involved in sexual activity.  Any
> direction to the genitalia would suggest to the Court that the positions in which
> these young girls are situated clearly direct one's attention to their vaginas.  It isn't
> as though they are climbing a slide and it is tough to see.  Their legs are spread.
> Their hands are near their genitals in some of those photographs.

*Id.* at 21.  The trial judge found Nelson guilty.

The Kansas Court of Appeals affirmed Nelson's conviction.  *See Nelson*,

2012 WL 4373003, at *10.  Regarding the sexually explicit nature of the five images,

it held:

> [W]hen viewed in the light most favorable to the State, there was sufficient
> evidence to show that Nelson possessed photographs depicting several

3

minors' exposed genitals or pubic area and that they were lewd exhibition of the minors' genitals or pubic area within the scope of [the statutory] definition of sexually explicit conduct.

*Id.* at \*5. The Kansas Supreme Court denied review of Nelson's conviction on August 29, 2013.

Nelson filed a state habeas petition on June 25, 2014, raising several claims including his First Amendment claim. That case was terminated by the state trial court on September 26, 2017, after Nelson withdrew all of his claims. *See* Suppl. R. at 2, 22.

## II.    District Court Proceedings

The district court first concluded Nelson had failed to exhaust his First Amendment claim in state court. Although he argued in his direct appeal that the images were not sexually explicit as defined in the Kansas statute, the district judge concluded he failed to argue they were entitled to First Amendment protection. Despite the failure to exhaust, the judge denied Nelson's First Amendment claim on the merits as permitted by 28 U.S.C. § 2254(b)(2).

## III.    Discussion

Nelson now argues: (1) he exhausted his First Amendment claim in his direct appeal, and (2) the district court erred in denying that claim on the merits. We need not decide the first issue because we can affirm the denial of habeas relief whether or not Nelson exhausted this claim: if we assume he did not exhaust, the claim is now procedurally barred; if we assume he did exhaust, he fails to satisfy the rigorous standards for relief under 28 U.S.C. § 2254(d).

4

**A.    Assuming Nelson did not Exhaust his First Amendment Claim in his Direct Appeal, that Claim is Procedurally Barred in Federal Court**

If Nelson did not exhaust his claim in his direct appeal, it is now procedurally barred.[3]  A federal court cannot grant a state prisoner's habeas application unless the petitioner has exhausted his claims in state court.  *See* 28 U.S.C. § 2254(b)(1).  Assuming Nelson did not raise his First Amendment claim in his direct appeal, that issue is ordinarily deemed waived under Kansas law:

> [W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.  Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding.

*State v. Neer*, 795 P.2d 362, 365-66 (Kan. 1990); *see also State v. Edwards*, 917 P.2d 1322, 1324 (Kan. 1996) ("It is well settled that an issue neither briefed nor argued on appeal is deemed to have been abandoned.").  Although Kansas law allows constitutional claims to be raised initially in a collateral proceeding where "exceptional circumstances excuse the failure to appeal," Kan. Sup. Ct. R. 183(c)(3), to the extent Nelson attempted to raise his First Amendment claim in his state habeas proceeding, he failed to exhaust

---

[3] Although the district court did not hold that Nelson's First Amendment claim is procedurally barred, "[w]e have discretion to affirm on any ground adequately supported by the record." *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004).  The circumstances support doing so here.  The State explains that it did not argue procedural default in the district court because Nelson's state habeas case was still pending at that time.  Resp. Br. at 16 n.2.  The State has now briefed the issue on appeal, *id.* at 16-18, and Nelson had a fair opportunity to respond to the issue in his reply brief.  The relevant facts are uncontested, and we can decide procedural default as a matter of law.  *See Elkins*, 392 F.3d at 1162.

that remedy when he voluntarily withdrew all of his claims. *See* Suppl. R. at 2, 22.[4]  And

no time remains for him to file a new state habeas proceeding raising this claim: he had

only one year following the Kansas Supreme Court's denial of review on August 29,

2013, in which to do so. *See* Kan. Stat. Ann. § 60-1507(f).

If Nelson defaulted his First Amendment claim in state court, it is now subject to

anticipatory procedural bar in federal court. "'Anticipatory procedural bar' occurs when

the federal courts apply procedural bar to an unexhausted claim that would be

procedurally barred under state law if the petitioner returned to state court to exhaust it."

*Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).  But we will not apply

anticipatory procedural bar "(1) if the prisoner has alleged sufficient cause for failing to

raise the claim and resulting prejudice or (2) if denying review would result in a

fundamental miscarriage of justice because the petitioner has made a credible showing of

actual innocence." *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (internal

quotation marks omitted).

Because Nelson does not argue cause and prejudice in his briefing, we do not

address that exception. *See id.*  He also fails to assert a credible claim of actual

innocence based on "new evidence . . . sufficient to show that it is more likely than not

---

[4] Nelson filed a "Statement of Withdrawal" in his state habeas proceeding, stating, "I have lost interest in [this] case. I, therefore, am withdrawing the matter from consideration." Suppl. R. at 22. Nelson represented that he had orally withdrawn his "federal issues," which included his First Amendment claim, at a previous hearing. But to be clear, he emphasized that he was "withdrawing all issues . . . . So the habeas is completely dead." *Id.*

that no reasonable juror would have convicted [him] in light of the new evidence." *Id.* at 1232 (internal quotation marks omitted). Nelson has demonstrated (or even argued) no exception to the application of anticipatory procedural bar. Therefore, assuming he did not exhaust his First Amendment claim in his direct appeal, we would affirm the district judge's decision on that basis.

**B.  Assuming Nelson did Exhaust his First Amendment Claim in his Direct Appeal, he Fails to Satisfy the Standards for Relief Under 28 U.S.C. § 2254(d)**

Assuming Nelson exhausted his First Amendment claim in his direct appeal, we presume the state court adjudicated that claim on the merits. *See Johnson v. Williams*, 568 U.S. 289, 298 (2013). When a state court decides a claim on the merits, we apply the deferential standard of review in 28 U.S.C. § 2254(d), under which a prisoner must show that the state's adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)-(2); *see also Pavatt v. Royal*, 859 F.3d 920, 927 (10th Cir. 2017) (noting review under § 2254(d) applies to claims decided on the merits in state court).[5] Nelson satisfies neither of these standards.

___

[5] Once again, we apply a different legal analysis than the district court, which held that Nelson's First Amendment claim was unexhausted, but denied that claim on the merits under 28 U.S.C. § 2254(b)(2). *See Chapman v. LeMaster*, 302 F.3d 1189, 1194 & n.1 (10th Cir. 2002) (noting federal courts exercise their independent judgment in deciding claims not decided on the merits by state courts).

The Kansas Court of Appeals upheld the trial court's determination that the five images underlying Nelson's conviction are sexually explicit because they depict lewd exhibitions of children's genitals and pubic area. While "nudity, without more, is protected expression," *New York v. Ferber*, 458 U.S. 747, 765 n.18 (1982), "works that *visually* depict sexual conduct by children below a specified age" are child pornography, *id.* at 764. In *Ferber*, the Supreme Court held that a state statute defining sexual conduct as including "lewd exhibition of the genitals" "sufficiently describe[d] a category of material the production and distribution of which is not entitled to First Amendment protection." *Id.* at 765; *see also Osborne v. Ohio*, 495 U.S. 103, 113 (1990) (rejecting First Amendment challenge to a state law criminalizing the possession of nude photographs of minors "where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals" (internal quotation marks omitted)); *United States v. Williams*, 553 U.S. 285 (2008) (describing "child pornography" as "consist[ing] of sexually explicit visual portrayals that feature children," *id.* at 288; upholding a federal statute defining "sexually explicit conduct" as including "lascivious exhibition of the genitals or pubic area," *id.* at 290 (internal quotation marks omitted)). Child pornography, however, does not include "innocuous photographs of naked children." *Osborne*, 495 U.S. at 114.

Nelson contends that the Kansas Court of Appeals erred in holding that the five images underlying his conviction are sexually explicit and therefore not speech protected by the First Amendment. He argues that the images are "child erotica" rather than child pornography. *See, e.g.*, *United States v. Edwards*, 813 F.3d 953, 958 (10th Cir. 2015)

8

(noting a search warrant defined "child erotica" as "materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions" (internal quotation marks omitted)). Nelson contends the five images are not sexually explicit because they do not focus on the children's genitalia or depict sexual activity, objects, or concepts. But the written stipulation agreed to by Nelson and relied upon by the Kansas trial court clearly states: "The children [in the images] were nude or partially clothed and in sexually suggestive positions." *Nelson*, 2012 WL 4373003, at *2 (internal quotation marks omitted). Moreover, he does not dispute that the pictures are staged rather than candid, the children's genitals are visible, and the images depict young girls with their legs spread.

The determination whether an image is child pornography is a question of fact. *See United State v. Wells*, 843 F.3d 1251, 1253 (10th Cir. 2016) (reviewing whether a rational jury could have found beyond a reasonable doubt that videos depicted a lascivious exhibition of a minor's genitals or pubic area), *cert. denied*, 138 S. Ct. 61 (2017); *see also United States v. Dost*, 575 F.2d 1303, 1304 (10th Cir. 1978) (treating as a jury question issue whether photographs were obscene). And Nelson has not satisfied his burden under § 2254(d)(2) to rebut the presumed correctness of the state court's factual finding with clear and convincing evidence. *See Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) ("[A] state court's factual findings are presumed correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence." (internal quotation marks omitted)). Although he maintains that, as compared

9

to the pictures in *Osborne*, the images here are not plainly child pornography, he does not demonstrate that they are clearly *not* child pornography.[6]  In fact, he concedes that reasonable people could disagree.  Pet. Reply Br. at 4-5; *see Smith*, 824 F.3d at 1241 ("[W]e must defer to the state court's factual determinations so long as reasonable minds reviewing the record might disagree about the finding in question."  (internal quotation marks omitted)).

Nor has Nelson identified any Supreme Court case that the state court's decision either contradicts or unreasonably applies.  "A state court decision is contrary to the Supreme Court's clearly established precedent if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts."  *Frost*, 749 F.3d at 1223 (brackets and internal quotation marks omitted).  "A state court decision is an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."  *Id.* (brackets and internal quotation marks omitted).  It is not sufficient to show that the state court incorrectly applied federal law; rather, a prisoner must demonstrate "there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents."  *Id.* (brackets and internal quotation marks omitted).

_____

[6] The pictures are not included in the record on appeal or, as near as we can tell, in the district court record.  That omission is not critical.  The legal arguments can be resolved from the available record and any factual ambiguities fade to black considering the stipulations of record and the disposition by the Kansas courts.

10

Nelson recognizes the images underlying his conviction need not be exactly like the

pictures in *Osborne* to be child pornography.  And he cites no Supreme Court precedent

under which it would be unreasonable to consider the images in this case to be sexually

explicit.[7]

---

[7] In addition to his First Amendment claim, Nelson also argued in his § 2254
habeas application that, if the images are sexually explicit, the Kansas statute is
unconstitutional as applied.  He maintains that scienter is constitutionally required for a
criminal conviction, yet the state failed to prove that he was aware of the sexually explicit
nature of the photos.  The district court denied this claim on the merits, citing *Elonis v.
United States*, 135 S. Ct. 2001, 2009 (2015), for the proposition that "[a]s long as a
person knows what he is doing, he can be held liable for that action whether he knows the
conduct is actually illegal or not."  R., Vol. I at 155-56.  Nelson fails to show that
reasonable jurists would find the district court's assessment of this claim debatable or
wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Supreme Court held in an
obscenity case:

> It is constitutionally sufficient that the prosecution show that a defendant
> had knowledge of the contents of the materials he distributed, and that he
> knew the character and nature of the materials.  To require proof of a
> defendant's knowledge of the legal status of the materials would permit the
> defendant to avoid prosecution by simply claiming that he had not brushed
> up on the law.  Such a formulation of the scienter requirement is [not]
> required . . . by the Constitution.

*Hamling v. United States*, 418 U.S. 87, 123-24 (1974).  As to Nelson's fairness
argument, the Court cautioned:

> Whenever the law draws a line there will be cases very near each other on
> opposite sides.  The precise course of the line may be uncertain, but no one
> can come near it without knowing that he does so, . . . and if he does so it is
> familiar to the criminal law to make him take the risk.

*Id.* at 124 (internal quotation marks omitted).  We deny a COA on Nelson's scienter
claim.

**IV. Conclusion**

The denial of habeas relief is affirmed. Nelson's Motion to Reconsider the Order Granting Certificate of Appealability, in which he sought to expand the COA to include his scienter claim, is denied. Nelson's Request for Clarification and Motion to Compel and his Motion to Include the Local "Statement of Withdrawal" in the Record are denied as moot.

Entered for the Court


Terrence L. O'Brien
Circuit Judge