**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HENRY LEE WILLIAMS; ASULU
FUGA WILLIAMS,

      Plaintiffs - Appellants,

v.

HSBC BANK USA, N.A.; IRENE M.
DORNER; SALVATORE ALFIERI;
ALEXANDRIA GARCIA; THERESA A.
NICCHIA; JOHN COULMAN; RODNEY
SCOTT,

      Defendants - Appellees.

No. 16-3268
(D.C. No. 2:15-CV-09372-JAR-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

In this foreclosure case, Henry Lee Williams and Asulu Fuga Williams appeal pro

se from district court orders that dismissed their amended complaint and denied

reconsideration.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

In 2004, the Williamses obtained a $126,000 loan, which they secured with a mortgage on their real property in Leavenworth, Kansas.  HSBC Bank USA, N.A., later acquired the mortgage through an assignment.

In 2012, the Williamses defaulted on their mortgage payments, prompting HSBC to file a foreclosure action in state court.  The state court entered judgment in HSBC's favor and ordered the property sold at a public auction.

The auction was held in April 2015, with HSBC purchasing the property for $59,200.  The Leavenworth County Sheriff evicted the Williamses from the property in October 2015.

In November 2015, the Williamses filed a pro se lawsuit in federal court against HSBC and two corporate officers.  The Williamses later amended the complaint, naming additional HSBC defendants.  They listed seven claims:

> 1.  Defendant(s) violated FOIA & Private Act, failed to produce requested documents, from April 2012 through October 2015.
> 2.  Failed to Prove Standing (2012-2015)
> 3.  Failed to Bring forth Original Promissory Note (2012-2015)
> 4.  Failed to Recognize or Respond to Notice of Land Patent (April 13 & September 2, 2015)
> 5.  Failed to Recognize Notice of Cease & Desist (Apri[l] 13 & September 2, 2015)
> 6.  Violated our human rights:  Article 2, 3, 5, 12 and 17 (1),(2) of UDHR
> 7.  Violated The Homestead Act (12 Stat. 392, 1862 & 43 USC 57, 59 and 83).

R., Vol. I at 18.  For relief, they asked the district court "[t]o return the home to our family and dismiss this matter without prejudice."  *Id.* at 19.  They also requested $3,000,000 in damages, complaining that the defendants "failed to bring forth Original

Promissory Note"; "Failed to establish[ ] Standing"; "Violated Universal Declaration of Human Rights"; and "Violated Uniform Commercial Code Article 3-203 [governing transfer of an instrument] & Article II [governing sales contracts], Conveyance of Mortgage Loan; Original Issuance of Certificates." *Id.*

The defendants moved to dismiss on three grounds: (1) the *Rooker-Feldman* doctrine; (2) claim/issue preclusion; and (3) failure to state a claim. The district court dismissed the complaint, concluding the *Rooker-Feldman* doctrine barred the Williamses from using their federal suit to challenge the state court's foreclosure judgment. The court also applied claim and issue preclusion "to the extent [the] claims in this case are not barred under the *Rooker-Feldman* doctrine." *Id.*, Vol. III at 21. And the court stated that the Williamses "cannot allege plausible claims for relief under the federal and international laws referenced in the Complaint." *Id.*

The Williamses unsuccessfully sought reconsideration and then appealed.

## II. DISCUSSION

### A. *Rooker-Feldman*

"We review the application of the *Rooker-Feldman* doctrine de novo." *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012). Because the Williamses are proceeding pro se, we liberally construe their filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *In re Miller*, 666 F.3d at 1261.

Thus, "an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012).

But "the *Rooker-Feldman* doctrine does not bar an action just because it seeks relief inconsistent with, or even ameliorative of, a state-court judgment." *Campbell*, 682 F.3d at 1282. Rather, "the type of judicial action barred by *Rooker–Feldman* . . . consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Id.* at 1283 (internal quotation marks omitted). When applicable, the doctrine imposes a jurisdictional barrier "on lower federal courts exercising appellate jurisdiction over state-court judgments." *Id.* at 1281.

We conclude that *Rooker-Feldman* bars the Williamses' federal lawsuit. Their suit seeks review and rejection of the state court's foreclosure judgment. Indeed, claims one through five designate the time frame of the state-court foreclosure process and attack the validity of the judgment, alleging the defendants withheld documents, failed to demonstrate standing, and failed to acknowledge "Notice of Land Patent" and "Notice of Cease & Desist." R., Vol. I at 18. Claims six and seven likewise attack the judgment's validity, asserting that foreclosure proceeded unlawfully because the Williamses had recorded a "Declaration of Homestead," *see* Aplt. Opening Br. at 10, 15, and had notified HSBC that its actions were violating their "human rights," *see* Aplt. Reply Br. at 13.

For relief, the Williamses first requested the return of their home. *Rooker-Feldman* bars such a request in federal court based on an allegation that the home was wrongfully foreclosed upon in state court. *See Vossbrinck v. Accredited Home Lenders,*

*Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (concluding that *Rooker-Feldman* doctrine barred plaintiff's request for title to the foreclosed property on the basis that the foreclosing parties had misrepresented their standing to foreclose and had submitted fraudulent title documents in state court); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (concluding that *Rooker-Feldman* doctrine barred plaintiffs' claims that "foreclosure and eviction deprived them of their fundamental fairness and equal protection rights" and that no "quasi-contractual theories" supported foreclosure); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) (concluding that plaintiff's "request[ ] [for] the recovery of her home [wa]s tantamount to a request to vacate the state court's judgment of foreclosure, . . . and that the *Rooker-Feldman* doctrine barred granting that relief").

The Williamses also seek "compensation for [their] home (if the property cannot be returned)," R., Vol. II at 119 (internal quotation marks omitted), but their claims still target harm allegedly caused by the state-court judgment. Specifically, their compensation request rests on the premise that the foreclosure judgment is infirm because the defendants failed to proffer the original promissory note, failed to show standing, and violated the Universal Declaration of Human Rights and the Uniform Commercial Code. Consequently, *Rooker-Feldman* also bars their damages claims.[1]

The Williamses' appellate briefs repeat many of the same objections to the foreclosure judgment as their amended complaint, *see* Aplt. Opening Br. at 8-10

---

[1] The *Rooker-Feldman* doctrine does not bar a damages claim based on a fraudulent foreclosure judgment, *see Vossbrinck*, 773 F.3d at 427-28, but the amended complaint does not allege a fraud claim.

(complaining that HSBC failed to prove standing to foreclose and failed to "validate any evidence"), and they continue to seek the return of their home, *see id.* at 16 (giving "notice of [their] Pre-emptive Right to possess [their] land").  But the Williamses do not show the *Rooker-Feldman* doctrine is inapplicable to their claims.

The district court did not err in determining the *Rooker-Feldman* doctrine applies. Because that doctrine bars the entirety of the Williamses' claims, we do not reach the other bases cited by the district court for dismissal.

## B.  *Reconsideration*

The district court construed the Williamses' request for reconsideration as a Rule 59(e) motion and denied relief because they "made no valid showing that the judgment in this case should be vacated."  R., Vol. IV at 85.  We review a district court's denial of a motion for reconsideration under Rule 59(e) for an abuse of discretion.

Because the district court correctly determined the applicability of the *Rooker-Feldman* doctrine, it did not abuse its discretion in denying reconsideration.

## III.  CONCLUSION

The judgment of the district court is affirmed.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge