FILED
United States Court of Appeals
Tenth Circuit

November 27, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TRISTA RODRIGUEZ,

     Plaintiff - Appellant,

v.

NATIONWIDE HOMES, INC.; THE
MEADOWS PARK; TAMMY AKERS;
DENNIS RUPP,

     Defendants - Appellees.

No. 18-1306
(D.C. No. 1:18-CV-01237-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

Trista Rodriguez filed a pro se complaint in the district court against the

manufacturer of her mobile home, the mobile home park where she leased a lot, her

attorney, and the mobile home park's attorney. She alleged various statutory and

constitutional claims about the condition of her mobile home and an eviction action

brought against her in state court. A magistrate judge ordered Ms. Rodriguez to file an

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

amended complaint complying with Federal Rule of Civil Procedure 8. The district court dismissed that complaint without prejudice for failure to satisfy Rule 8 and because the *Rooker-Feldman* doctrine barred Ms. Rodriguez's attempt to challenge the state court's eviction judgment in federal court. Ms. Rodriguez now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

### A. *Factual Background*

In 2013, Ms. Rodriguez leased a mobile home from Nationwide Homes, Inc. ("Nationwide Homes"). She executed a separate lease agreement on a lot at The Meadows Park ("TMP"), a mobile home community in Colorado Springs, Colorado. In June 2015, TMP served Ms. Rodriguez with a demand for unpaid rent, and filed a detainer action in state court to evict her. Ms. Rodriguez sought to dismiss the action, alleging the summons was not signed and her home was uninhabitable. She ultimately settled with TMP for the unpaid rent, and judgment was entered in state court.

Ms. Rodriguez retained attorney Tammy Akers to represent her in the eviction proceeding and to bring a separate lawsuit against Nationwide Homes for breach of its warranty of habitability based on the poor condition of the mobile home. Ms. Akers did not file the lawsuit.[1]

---

[1] The record provides little information as to why the suit was never filed. Ms. Rodriguez attached to her complaint a 2016 email from Ms. Akers stating, "The separate case you wanted to bring against mobile home manufacturer would have involved a great

B. *Procedural Background*

On May 21, 2018, Ms. Rodriguez filed a pro se complaint in the United States District Court for the District of Colorado against Nationwide Homes, TMP, Ms. Akers, and Dennis Rupp, TMP's attorney. The complaint alleged a litany of constitutional and statutory violations, including unfair or deceptive practices affecting commerce under 15 U.S.C. § 45(a); "Gross Negligence, Exigent Health and Safety Failure to Disclose, Fraud, Misrepresentation, [Americans with Disabilities Act] Disability and Housing Discrimination;" ROA at 11, breach of fiduciary duty; breach of contract; and a variety of state statutory violations. The magistrate judge ordered Ms. Rodriguez to file an amended complaint, finding the original complaint lacked both a short and plain statement of the grounds for the court's jurisdiction and for her claims, as Federal Rule of Civil Procedure 8(a) requires.

On June 6, 2018, Ms. Rodriguez filed an amended complaint. The injuries it alleged can be grouped into those (1) claiming Ms. Rodriguez suffered because of her eviction proceeding and the ensuing settlement, (2) arising out of the poor condition of her mobile home, and (3) resulting from her dealings with Ms. Akers.

The district court dismissed Ms. Rodriguez's amended complaint without prejudice. It concluded that Ms. Rodriguez's federal claims contained the same Rule 8 defects the magistrate judge had identified in the original complaint. It also noted that, to

---

deal of out of pocket cost for experts and depositions, which you had said you could not afford. There was nothing else I could do to assist you. I am sorry." ROA at 99.

3

the extent Ms. Rodriguez sought to vacate the state court's judgment in the eviction case, the jurisdictional doctrine of *Rooker-Feldman* barred her claims. The district court then declined to exercise supplemental jurisdiction over any state law claims Ms. Rodriguez asserted because it had dismissed her federal claims.

The court also denied Ms. Rodriguez's motion to proceed *in forma pauperis* ("*ifp*") under 28 U.S.C. § 1915(a)(3) because "any appeal from [its] order would not be taken in good faith." ROA at 173. Ms. Rodriguez filed a timely notice of appeal and moved to proceed *ifp*.

## II. **DISCUSSION**

Because the *Rooker-Feldman* doctrine implicates a federal court's subject matter jurisdiction, we first consider its application by the district court. *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). We conclude the *Rooker-Feldman* doctrine bars Ms. Rodriguez's claims to the extent she seeks to undo the state court's judgment in the eviction case. We next review Ms. Rodriguez's remaining federal claims for sufficiency under Rule 8 and affirm the district court's dismissal. Without any extant federal claims, we affirm dismissal of Ms. Rodriguez's state law claims. Finally, we deny Ms. Rodriguez's *ifp* motion.

### A. *Application of* Rooker-Feldman

We review the district court's application of the *Rooker-Feldman* doctrine de novo. *In re Miller*, 666 F.3d 1255, 1260 (10th Cir. 2012). Because Ms. Rodriguez

4

proceeds pro se, we liberally construe her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *In re Miller*, 666 F.3d at 1261. Thus, "an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). When applicable, the doctrine imposes a jurisdictional barrier "on lower federal courts exercising appellate jurisdiction over state-court judgments." *Id.* at 1281.

To the extent Ms. Rodriguez asks us to review the state court's judgment in the eviction case, we conclude *Rooker-Feldman* bars her request. The amended complaint contains several attacks on the judgment. Ms. Rodriguez alleges it was the result of improper service because Mr. Rupp never signed the summons; that she was never notified of the proceeding's conclusion, which "impair[ed] [her] opportunity to file a timely appeal," ROA at 42; and more generally, that it violated her due process rights under the "Fifth and Fourteenth Amendments." ROA at 39.

Although her desired remedy is unclear, *Rooker-Feldman* bars her request to the extent it is based on an allegation that the state court's judgment was defective. *See Williams v. HSBC Bank USA N.A.*, 681 F. App'x 693, 696 (10th Cir. 2017) (unpublished) (concluding the *Rooker-Feldman* doctrine barred plaintiff's request for return of home that was allegedly "wrongfully foreclosed upon" in state court); *Crawford v. Countrywide*

5

*Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (same result where plaintiffs claimed "foreclosure and eviction deprived them of their fundamental fairness and equal protection rights" and that no "quasi-contractual theories" supported foreclosure).

## B. *Rule 8 Sufficiency*

We next address Ms. Rodriguez's federal claims about her home's alleged uninhabitability and her attorney's alleged conduct. We review for abuse of discretion the district court's dismissal of Ms. Rodriguez's complaint without prejudice under Rule 8(a). *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007).

Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). We have explained that a complaint "explain[ing] what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific right the plaintiff believes the defendant violated" is sufficient to satisfy Rule 8's "short and plain statement" standard. *Nasious*, 492 F.3d at 1163. If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8. *See id.* at 1161 & n.2.

As noted above, we construe pro se pleadings liberally. *See Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). But we do not act as Ms. Rodriguez's advocate.

6

*See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). In analyzing the sufficiency of any complaint, we "accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Like the district court, we confine our Rule 8 review to Ms. Rodriguez's federal claims. We agree that Ms. Rodriguez's amended complaint fails to satisfy Rule 8's pleading requirements. The amended complaint does not include a valid jurisdictional statement. In the portion alleging federal question jurisdiction under 28 U.S.C. § 1331,[2] Ms. Rodriguez cites 28 U.S.C. § 5001, but she misunderstands that statute. Rather than conferring jurisdiction, § 5001 provides that state law governs actions for personal injuries that occur "in a place subject to the exclusive jurisdiction of the United States within a State." 28 U.S.C. § 5001. In addition, she lists various other statutes under which her claims allegedly arise: federal prohibitions on discrimination in jury service, 28 U.S.C. § 1862; the Fair Housing Act; the Air Quality Act of 1967; the False Claims Act; the Americans with Disabilities Act; and the Civil Rights Act of 1964. ROA at 39. But she does not link any facts alleged in the amended complaint to any of these statutes. The result—a laundry list of statutes without any explanation of how they provide federal question jurisdiction—is far from a "plain" statement.

---

[2] Under the "Jurisdiction" heading in her amended complaint, Ms. Rodriguez checked the box for "federal question pursuant to 28 U.S.C. § 1331" and did not check the box for "diversity of citizenship pursuant to 28 U.S.C. § 1332." ROA at 36. She does not otherwise claim that she and the defendants are citizens of different states.

7

Even if her insufficient statement of jurisdiction were not fatal to her case, the amended complaint also lacks a short and plain statement of Ms. Rodriguez's federal claims. Ms. Rodriguez's claims against Nationwide Homes concern water damage and mold growth in the mobile home's bathroom, which Ms. Rodriguez alleges caused her to suffer an allergic reaction. The mold is the basis for Ms. Rodriguez's "Non-Disclosure Toxic Tort Claim." ROA at 45. And because Nationwide Homes allegedly knew of these defects before it leased the home, she claims the company engaged in "false representation of known material facts." *Id.* at 44. But Ms. Rodriguez does not state what these misrepresentations were, when they were made, or which federal statutory or constitutional rights they violated.

Ms. Rodriguez's amended complaint contains neither a "short and plain statement of the grounds for the court's jurisdiction" nor a "short and plain statement showing that the pleader is entitled to relief" sufficient to meet the demands of Rule 8. We are satisfied the district court did not abuse its discretion with its Rule 8 ruling.

## C. *State Law Claims*

Ms. Rodriguez's remaining claims arise under state law. In particular, her allegations about Ms. Akers appear to claim professional negligence under state law. Without any federal claims over which to exercise original jurisdiction, the district court properly declined to exercise supplemental jurisdiction over any state law claims Ms. Rodriguez raises. *See* 28 U.S.C. § 1367(c)(3).

8

D. **Ifp** *Status*

Ms. Rodriguez's brief on appeal restates the allegations she raised in her amended complaint. We conclude Ms. Rodriguez presents no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotations omitted). We therefore deny Ms. Rodriguez's motion to proceed *ifp*.

## III. **CONCLUSION**

We affirm the district court's order dismissing Ms. Rodriguez's amended complaint without prejudice and deny her motion to proceed *ifp*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge