**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD L. MULCAHY, JR.,

    Plaintiff - Appellant,

v.

ASPEN/PITKIN COUNTY HOUSING
AUTHORITY, a multi-jurisdictional
housing authority,

    Defendant - Appellee.

No. 19-1387
(D.C. No. 1:18-CV-01918-PAB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Edward Mulcahy, Jr., sued Aspen/Pitkin County Housing Authority (APCHA)

under 42 U.S.C. § 1983, alleging due-process and equal-protection violations. The

district court dismissed his claims for lack of subject-matter jurisdiction under the

*Rooker-Feldman* doctrine.[1] In this appeal, Mr. Mulcahy abandons his claims for

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust
Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*,
460 U.S. 462 (1983).

relief except those seeking monetary damages. We affirm the judgment as to the abandoned claims. As to the claims for damages, however, we reverse.

## I. Background[2]

APCHA administers an affordable-housing program in Pitkin County, Colorado, where housing has become too expensive for the local workforce. Through the housing program, APCHA conveys properties to residents (chosen by lottery) at below-market prices. Mr. Mulcahy bought property through the APCHA lottery program, accepting deed restrictions on his employment and residency.

After owning the property for several years, Mr. Mulcahy received a letter from APCHA alleging that he was not complying with the deed restriction. The letter gave him fourteen days to respond and sixty days to resolve the compliance issues. Although Mr. Mulcahy promptly communicated with APCHA's qualifications specialist, fourteen days after the date of the first compliance letter, APCHA sent a second compliance letter. And fourteen days after sending the second letter, APCHA sent an official notice of violation, finding that Mr. Mulcahy had breached the deed restriction and informing him that he had fifteen days to contest the finding. But Mr. Mulcahy was traveling, so he did not know about the notice of violation and did not respond within the fifteen-day period. APCHA then sent him a final letter demanding that he list the property for sale.

---

[2] We recite the events leading to litigation as Mr. Mulcahy alleges them in his amended complaint.

APCHA brought a suit in state court seeking an order forcing Mr. Mulcahy to sell the property. The state court granted summary judgment to APCHA after concluding that Mr. Mulcahy failed to exhaust his administrative remedies by not contesting the notice of violation. The Colorado Court of Appeals affirmed the judgment, and the Colorado Supreme Court denied certiorari review.[3]

Mr. Mulcahy then filed this lawsuit in federal court. His due-process claim complains that "APCHA failed to follow its own regulations and guidelines" when it prematurely issued a notice of violation. Aplt. App. at 198. And his equal-protection claim complains that APCHA refused him a hearing to contest the notice of violation even though it "has repeatedly granted other individuals" hearings after administrative response deadlines had passed. *Id.* at 200. His complaint requests relief including an order declaring invalid APCHA's notice of violation, an injunction requiring APCHA to issue a notice of violation that allows him to request a hearing to contest its findings, and several forms of damages. The district court dismissed Mr. Mulcahy's claims under the *Rooker-Feldman* doctrine.

---

[3] APCHA moves to supplement the record with documents from the state-court litigation. We grant the motion, exercising our discretion to take judicial notice of public records from "our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

## II. Discussion

Mr. Mulcahy pursues only his claims for damages on appeal, arguing that the district court erroneously dismissed those claims under *Rooker-Feldman*.[4] "We review that dismissal de novo." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).

The *Rooker-Feldman* doctrine recognizes that only the Supreme Court "is vested, under 28 U.S.C. § 1257, with jurisdiction over appeals from final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). And so "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Id.*

But "*Rooker-Feldman* is not simply preclusion by another name." *Id.* at 466. It applies only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293 (internal quotation marks and alterations omitted). In other words, the

---

[4] Mr. Mulcahy concedes that his request for an order declaring the notice of violation invalid "does appear to conflict with the *Rooker-Feldman* doctrine," Aplt. Opening Br. at 25, and that he has "abandoned" his request for injunctive relief, Aplt. Reply Br. at 10. But he maintains that his requests for monetary damages survive.

4

doctrine does not prohibit a federal action "just because it could result in a judgment inconsistent with a state-court judgment." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018). The federal actions it prohibits are those seeking "to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Id.*

Mr. Mulcahy's claims do not complain of injuries caused by the state-court judgment. Indeed, the alleged constitutional violations underlying his claims— APCHA's issuing a notice of violation and refusing to grant a hearing to allow him to contest it—occurred before the state-court suit began. The constitutional violations that he alleges are APCHA's acts "that led to the judgment," not "the content of the judgment." *Campbell*, 682 F.3d at 1285.

Still, APCHA protests, without the state-court judgment, Mr. Mulcahy "would have no reason to assert claims for damages against APCHA." Aplee. Br. at 15. This point raises a fair question: Does Mr. Mulcahy in fact complain of injury from the state-court judgment while purporting to complain only of APCHA's conduct? We do not think so. A "federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005). The state-court judgment did not produce the actions that Mr. Mulcahy challenges in his complaint, actions that occurred before the state-court suit even began.

5

That Mr. Mulcahy complains about conduct predating the state-court suit distinguishes this case from *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007). In *Mann* we concluded that *Rooker-Feldman* barred the plaintiff's claims for "monetary damages against a variety of government actors and private individuals for the alleged violations of her constitutional rights occasioned by their complicity with the probate court's orders." *Id.* at 1147. Mr. Mulcahy, in contrast to the plaintiff in *Mann*, seeks damages based on alleged constitutional violations that predated any relevant state-court order, not based on violations that occurred through complicity with a state-court order.

*Williams v. HSBC Bank USA, N.A.*, 681 F. App'x 693 (10th Cir. 2017) (unpublished), on which APCHA relies, does not persuade us that *Rooker-Feldman* bars Mr. Mulcahy's claims for damages. The plaintiffs in *Williams* sought, in addition to other relief, "compensation for their home," which had been sold at an auction following a state-court foreclosure judgment. *Id.* at 696 (internal quotation marks and brackets omitted). We concluded that *Rooker-Feldman* barred the plaintiffs' damages claims because "their compensation request rest[ed] on the premise that the foreclosure judgment [was] infirm." *Id.* Mr. Mulcahy does not argue in this case that the state-court judgment is infirm, "that a defect in the state proceedings invalidate[s] the state judgment," *Mayotte*, 880 F.3d at 1175.

Just as Mr. Mulcahy does not argue that the state judgment is infirm, neither does he seek to set it aside. Because his "claims are based on events predating" the state-court suit, he "could certainly obtain damages from [APCHA] without setting

6

aside" the state-court judgment. *Id.* at 1175–76. *Rooker-Feldman*, then, does not bar his claims for damages. *See id.*

APCHA alternatively contends, as it did in the district court, that Mr. Mulcahy's claims are barred by claim preclusion. The district court did not rule on APCHA's claim-preclusion defense. Although we have discretion to affirm on any ground that the record supports, *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004), we "adopt the better practice of leaving the matter to the district court in the first instance" on remand, *Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007).

### III.  Conclusion

We affirm the district court's dismissal of the claims for relief that Mr. Mulcahy has abandoned—all claims except those seeking damages. We reverse the district court's dismissal of the claims for damages. And we remand the case for further proceedings.

Entered for the Court

Allison H. Eid
Circuit Judge

7